# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 03-2017-LRR |
| vs. | **ORDER** |
| LESA HOVDEN-LEE, | |
| Defendant. | |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

The matter before the court is Defendant's Objections to June 10, 2005 Order [hereinafter "Objections"], filed June 22, 2005 (docket no. 137). The Objections pertain to Chief Magistrate Judge John A. Jarvey's June 10, 2005 Report and Recommendation in which he recommends denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Her Sentence [hereinafter "Motion"] (docket no. 136).

Defendant filed her Motion on August 23, 2004. On January 20, 2005, this court conducted an initial review of Defendant's Motion and ordered the government to plead or move by March 14, 2005. On January 31, 2005, Defendant filed a supplemental motion pursuant to 28 U.S.C. § 2255 as a result of the decision in *United States v. Booker*, 125 S. Ct. 738 (2005). On March 17, 2005, the government filed its resistance to Defendant's motions. Defendant's Motion and supplemental motion were referred to Judge Jarvey on April 29, 2005. The order provides:

> Pursuant to 28 U.S.C. § 636(b)(1)(B), this case is now referred to United States Magistrate Judge John Jarvey for further proceedings, including further review of the record and the pleadings, an evidentiary hearing, if necessary, hearing any oral arguments, and a submission of a report and

recommendation regarding disposition of the case to the undersigned United States District Judge.

(docket no. 135). The order was signed by the undersigned.

On June 10, 2005, Judge Jarvey issued a Report and Recommendation [hereinafter "R&R"] in which he recommends denial of Defendant's Motion. The court held no evidentiary hearing or oral arguments. On June 22, 2005,[1] Defendant timely filed her Objections.

## II. STANDARD OF REVIEW

This court reviews a magistrate judge's report and recommendation *de novo*:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

---

[1] Defendant's Objections are postmarked from the Pekin Federal Prison Camp on June 20, 2005.

Fed. R. Civ. P. 72(b). Defendant has made timely objections to Judge Jarvey's R&R. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1).

## III. 28 U.S.C. § 2255 MOTION

In her Objections, Defendant asserts: (1) she was entitled to an evidentiary hearing and oral argument on her Motion, and (2) Judge Jarvey's conclusions of law regarding counsel's failure to file a motion to suppress were erroneous.

### A. Evidentiary Hearing

Defendant challenges the R&R because she did not receive an evidentiary hearing on her Motion. Defendant argues she should have received a hearing because there was a factual dispute regarding whether her trial attorney made a "strategic decision" not to file a motion to suppress. Defendant further claims that Judge Jarvey "backdoored" her Constitutional rights by making findings without holding a hearing. Finally, she argues that this court's April 29, 2005 order gave her the reasonable belief that a hearing would be held on her Motion.

"Generally speaking, no hearing need be held on a § 2255 motion where the files and records of the case demonstrate that the petitioner is not entitled to relief, or, where the motion raises only a question of law." *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973). Additionally, "a hearing is not required where the motion is stated in vague or conclusory terms." *Id.* Indeed, a § 2255 motion may be dismissed without having a hearing if: (1) the allegations in the motion, even if true would not entitle defendant to relief, or (2) the allegations in the motion cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). *But see Estes v. United States*, 883 F.2d 645, 648-49 (8th Cir. 1989) (holding that an evidentiary hearing must be

3

held on a defendant's § 2255 motion where there is a factual dispute regarding whether the defendant asked his attorney to file a notice of appeal). Stated differently, a § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (*per curiam*).

That being said, a district court is given discretion in determining whether to hold an evidentiary hearing "to determine factual contentions" raised in a § 2255 motion. *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the court must be cognizant of the fact that "[i]n § 2255 cases, the petitioner is entitled to an evidentiary hearing when the fact alleged, if true, would entitle him to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quotations and citations omitted). A claim may be dismissed without a hearing if the claim is "'inadequate on its face.'" *Id.* (citing *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)).

In Defendant's case, the court is able to resolve the claims from the record. After close scrutiny of the record, the court is convinced that there was no need for an evidentiary hearing because the evidence of record conclusively demonstrates that Defendant is not entitled to the relief sought. Specifically, the record indicates Defendant's claims regarding ineffective assistance of counsel, the illegality of the search of her residence and the alleged violation of her Sixth Amendment right to confront a witness at her sentencing hearing are wholly without merit. Judge Jarvey did not err in ruling on Defendant's Motion without first holding an evidentiary hearing or oral argument.

### B. *Conclusions of Law*

The court's review of Defendant's objections to Judge Jarvey's R&R, together with Defendant's Motion and supplemental motion, leads the court to conclude Defendant's

remaining objections essentially do no more than restate the arguments she raised in her Motion. Her objections are vague. *See* Fed. R. Civ. P. 72 (requiring the court to review *de novo* any portions of the report and recommendation to which a *specific* written objection has been made). Even if Defendant's objections could be construed as specific, the court finds Defendant's arguments that Judge Jarvey erred to be wholly without merit. The court thoroughly reviewed the record and finds the denial of the Defendant's Motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Poor Thunder v. United States*, 810 F.2d 817, 821-22 (8th Cir. 1987) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.").

In light of the foregoing and based upon its review of the R&R, the court concludes there is no ground to reject or modify Judge Jarvey's findings and conclusions. The court therefore adopts Judge Jarvey's R&R in this case.

## *IV. CONCLUSION*

**IT IS ORDERED**:

(1) Defendant's Objections to the June 10, 2005 Report and Recommendation (docket no. 137) are **OVERRULED**.

(2) The court **ADOPTS** Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 136).

(3) Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Her Sentence (docket no.124) is **DENIED**.

(4) Defendant's Supplemental Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Her Sentence (docket no. 126) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 5th day of October, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA